IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Annie Campbell, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | _____ |
| | ) | |
| Circustrix, LLC; Circustrix Holdings, LLC, | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination on the basis of religion, age, and retaliation against the plaintiff, Annie Campbell. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII"), which provides for relief against discrimination in employment on the basis of religion, and by the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (hereinafter "ADEA") and the Alabama Age Discrimination in Employment Act, Ala. Code § 25-1-22 *et seq.* (hereinafter "AADEA"), which provide for relief against discrimination in

employment on the basis of age. The plaintiff seeks declaratory relief, injunctive relief, back pay, reinstatement, compensatory damages, punitive damages, liquidated damages and nominal damages. The plaintiff requests a trial by jury of all issues triable by a jury.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (a)(4), 2201 and 2202, 29 U.S.C. §§ 206(d), 215(a)(3), and 621, *et seq.,* and 42 U.S.C. § 2000e-5(f)(3). Through supplemental jurisdiction, this Court's jurisdiction extends to the related state law claim of age discrimination as set forth in the AADEA because the plaintiff's age discrimination claims arise from a common nucleus of facts.

3. The unlawful employment practices alleged were committed by the defendant within Jefferson County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

4. The plaintiff requests a jury trial on all equitable claims and defenses and all issues triable by jury.

## III. ADMINISTRATIVE EXHAUSTION

5. The plaintiff timely filed a charge of discrimination with the EEOC (Charge Number 420-2020-01966) alleging discrimination on the basis of religion, age, and retaliation in violation of Title VII, the ADEA, the ADA within 180

days after she was terminated on December 4, 2019. Attachment 1. The EEOC issued the plaintiff Notice of Right to Sue dated May 27, 2021, which the plaintiff received several days later and timely filed this Complaint within 90 days of receipt of notice. Attachment 2.

## IV. PARTIES

6. The plaintiff, Annie Campbell, is a female citizen of the United States of America and a resident of the State of Alabama. The plaintiff is over forty (40) years of age. During the time period prior to her termination, the plaintiff was employed by Circustrix, LLC as an Event Coordinator.

7. The defendant, Circustrix, LLC, (hereinafter "defendant" or "Circustrix") is an "employer" subject to suit under Title VII and the ADEA. The defendant does business in this district and, at all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII, the ADEA, and the ADA. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant conducts business in Jefferson County, Alabama.

8. The defendant, Circustrix Holdings, LLC, (hereinafter "defendant" or "Circustrix") is an "employer" subject to suit under Title VII and the ADEA.

The defendant does business in this district and, at all times relevant to this action, the defendant was the plaintiff's employer within the meaning of Title VII, the ADEA, and the ADA. At all times relevant to this action, the defendant employed at least fifteen (15) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the applicable calendar year. The defendant conducts business in Jefferson County, Alabama.

9. The defendants, Circustrix, LLC and Circustrix Holdings, LLC (hereinafter referred to collectively as "defendant" or "Circustrix"), were a single integrated enterprise and were the plaintiff's employer according to Title VII and the ADEA. The defendants are related entities with common ownership, share the same physical location, and have the same registered agent and the same address for the service of process.

10. In the alternative, the defendants, Circustrix, LLC and Circustrix Holdings, LLC (hereinafter referred to collectively as "defendant" or "Circustrix"), were a joint operation and the plaintiff's employer according to Title VII and the ADEA. These defendants are related entities, share the same physical location, and have the same registered agent and the same address for the service of process.

V. **STATEMENT OF FACTS**

11. The plaintiff re-alleges all of the allegations in the Complaint and incorporates the same by reference herein.

12. The plaintiff, Annie Campbell, was employed by the defendant, Circustrix, from approximately June 2015 until February 2020. Throughout her employment with the defendant, Campbell worked remotely from her home in Birmingham, Alabama.

13. The defendant hired Campbell as an Event Coordinator during June 2015. From June 2015 until December 15, 2018, Campbell was employed by defendant as an independent contractor.

14. The company's executive team is almost entirely members of the Church of Latter-day Saints (LDS or Mormon). There are twenty-three (23) members of the executive leadership team and only two (2) are not LDS. Campbell's sons had once worked for the defendant but resigned in early 2019 because they felt they did not possess the religious pedigree to be promoted.

15. On December 15, 2018, the defendant hired Campbell as an employee. Campbell continued her work as an Event Coordinator and also developed a training program for new Event Coordinators.

16. During July 2019, the defendant's VP of Operations, Cord Robbins, who is a member of LDS, told Campbell that if she did a good job training and creating

5

the program that she would be promoted to manage the Event Coordinators. During this time period, the defendant hired approximately twenty (20) new Event Coordinators.

17. On December 4, 2019, Robbins told Campbell that her position was being eliminated.

18. On December 16, 2019, the defendant promoted Shayla Gold to the new Events Manager position. Campbell had trained Gold to be an Event Coordinator. Gold is an LDS member and is also substantially younger than Campbell.

19. At the time Campbell was terminated, she was fifty-two (52) years of age. Upon information and belief, Gold, who replaced Campbell was forty-one (41) years of age. The vast majority of the new Event Coordinators hired during 2019 were substantially younger than Campbell as well.

20. Campbell was not given an opportunity to interview for the Events Manager position and no one else was interviewed for this position. When Robbins terminated Campbell, she asked Robbins if she had done a good job. Robbins said she had exceeded expectations.

21. Robbins told me the company was following advice from the Mackenzie study and working on standardizing group events. A new position was going to be created to begin in January of 2020. Robbins told Campbell she could

continue to work as an Event Coordinator as an independent contractor.

22. On February 14, 2020, Robbins told Campbell that she was no longer eligible to work as an Event Coordinator on February 14, 2020. Robbins claimed the reason was that she had started event coordinating for my sons on January 13, 2020, after Robbins told me I was no longer an employee. My sons had opened a new park with investors in a suburb outside of Chicago. Robbins told me that this was a conflict of interest, even though Campbell was supposed to be an independent contractor.

## VI. DAMAGES

23. The plaintiff is now suffering, and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

    The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendant's unlawful conduct.

24. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory, punitive and liquidated damages is her only means of securing adequate relief.

## VII. CAUSES OF ACTION

Count I – Religious Discrimination in Violation of Title VII

25. The plaintiff re-alleges all of the allegations in the Complaint and incorporates the same by reference herein.

26. The defendants unlawfully discriminated against the plaintiff on the basis of her religion, as a non-member of the Church of Latter-day Saints, by terminating her employment as set in greater detail out above.

27. Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

28. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is her only means of securing adequate relief.

29. The plaintiff seeks all equitable and legal relief necessary to remedy such unlawful discrimination including, without limitation, declaratory and injunctive relief, reinstatement, backpay, damages, costs, attorneys' fees, expenses and such other equitable and legal remedies necessary to make plaintiffs whole and to deter future discrimination including retaliation.

Count II – Age Discrimination in Violation of the ADEA and the AADEA

30. The plaintiff re-alleges all of the allegations in the Complaint and incorporates the same by reference herein.

31. The defendants unlawfully discriminated against the plaintiff on the basis of her age by terminating her employment as set in greater detail out above.

32. Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

33. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, liquidated damages is her only means of securing adequate relief.

34. The plaintiff seeks all equitable and legal relief necessary to remedy such unlawful discrimination including, without limitation, declaratory and injunctive relief, reinstatement, backpay, damages, costs, attorneys' fees, expenses and such other equitable and legal remedies necessary to make plaintiffs whole and to deter future discrimination including retaliation.

Count III – Retaliation in Violation of Title VII, the ADEA, and/or the ADA

35. The plaintiff re-alleges all of the allegations in the Complaint and incorporates the same by reference herein.

36. The plaintiff engaged in protected conduct under Title VII and the ADEA by

opposing conduct that the plaintiff reasonably believed was unlawful and a violation of Title VII and/or the ADEA.

37. The defendant's treatment of the plaintiff, as discussed above, was causally connected to the plaintiff's protected activity and thus violated the prohibition in Title VII and the ADEA against retaliation for opposing discriminatory employment practices.

38. Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

39. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory damages, and punitive damages is her only means of securing adequate relief.

40. The plaintiff seeks all equitable and legal relief necessary to remedy such unlawful discrimination including, without limitation, declaratory and injunctive relief, reinstatement, backpay, damages, costs, attorneys' fees, expenses and such other equitable and legal remedies necessary to make plaintiffs whole and to deter future discrimination including retaliation.

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*; and the Alabama Age Discrimination in Employment Act, Ala. Code § 25-1-22 *et seq.*

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII, the Age Discrimination in Employment Act, and the Alabama Age Discrimination in Employment Act.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding her back pay (plus interest), reinstatement (or front pay), lost seniority, benefits and loss of pension, compensatory damages, liquidated damages, punitive damages, and nominal damages.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

Respectfully submitted,

*/s/ H. Wallace Blizzard*
H. Wallace Blizzard
(Ala. Bar No.: ASB-8969-B59H)
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
301 Nineteenth Street North
Birmingham, Alabama 35203
wblizzard@blizzard@wigginschilds.com
205.314.0593 (Phone/Text/Fax)

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK
JURY ON ALL ISSUES TRIABLE BY A JURY.**

**Plaintiff requests this Honorable Court to issue the attached Summons for Plaintiff to serve Defendant with the following: Summons, Complaint.**

**Defendants' Addresses:**
Circustrix, LLC
c/o Cogency Global Inc.
2005 East 2700 South Ste 200
Salt Lake City, UT 84109

Circustrix Holdings, LLC
c/o Cogency Global Inc.
2005 East 2700 South Ste 200
Salt Lake City, UT 84109

*/s/ H. Wallace Blizzard*
OF COUNSEL